Ruffin, J.
I do not think that the appeal ought to b^ sustained in this case. If the appellant was without remedy, that might make a difference, perhaps. But he is not; for it has been usual to grant a writ of certiorari in such a case, and, indeed, in all others, where the appellant has been prevented from filing the record by accident and without his own laches. This is, therefore, rather a question of practice than of property ; and it is almost of as much Consequence that the rules oTpractice should be certain as that they should be right- The act of Assembly is -positive upon this subject; and since the case of Robertson v. Stone,* the Courts have always refused to relax the rule of law,, without any regard to the causes of failure of the appellant. Tho$e decisions appear to me to be very proper, independent of the statute. For although the appellant may haye a very good excuse for not filing his appeal, and ought, therefore, not to be precluded from a new trial; yet the appellee, who knows that the cause is at an end by positive law, unless the record is removed to the Superior Court in due time, is no longer bound to look after the Case or prepare for trial, after the first failure of the appellant. If the' suit is afterwards suffered to go on, he ought to have notice of ⅛ This he gets when a certiorari is granted. But, otherwise, he ha%. no notice.
The rest of the Court concurred.

 1 Hayw. 402